**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4370**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

ANDRE DAVIS, a/k/a 2 Chainz,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge.  (1:20-cr-00350-GLR-2)

_____

Submitted:  January 26, 2024                    Decided:  January 31, 2024

_____

Before GREGORY and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Alfred Guillaume III, LAW OFFICES OF ALFRED GUILLAUME III, Greenbelt, Maryland, for Appellant.  Peter Jeffrey Martinez, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andre Davis appeals his conviction and sentence following a jury verdict finding him guilty of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d).  Counsel for Davis has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning one of the district court's evidentiary rulings, as well as the court's sua sponte decision to discharge a juror after deliberations began.  Although notified of his right to do so, Davis has not filed a pro se supplemental brief.  We affirm.

"We review evidentiary rulings for an abuse of discretion." *United States v. Banks*, 29 F.4th 168, 181 (4th Cir. 2022) (internal quotation marks omitted).  Unless prohibited, relevant evidence is admissible at trial.  Fed. R. Evid. 402.  "[E]vidence is relevant if it is sufficiently related to the charged offense." *United States v. Cowden*, 882 F.3d 464, 472 (4th Cir. 2018).  "[R]elevance typically presents a low barrier to admissibility.  Indeed, to be admissible, evidence need only be worth consideration by the jury, or have a plus value." *United States v. Leftenant*, 341 F.3d 338, 346 (4th Cir. 2003) (cleaned up).

At trial, the Government presented evidence establishing that Davis, formerly a correctional officer, accepted bribes from detainees in exchange for smuggling controlled substances and other contraband into the detention facility where he worked.  Among the evidence was a letter, seized from Davis' house, between two detainees discussing the distribution of drugs at the facility.  Davis moved to preclude this evidence, disputing its connection to the charged offense.  The district court denied the motion, reasoning that the letter was relevant because it discussed the same conduct for which Davis had been

2

indicted. Further, the court emphasized that, according to one of the Government's witnesses, a correctional officer would have no legitimate reason for keeping such a letter at his residence. *Anders* counsel questions the district court's ruling on appeal. However, we discern no abuse of discretion in the court's decision to allow the letter's admission into evidence.

Next, *Anders* counsel questions the district court's sua sponte dismissal of a juror who, after deliberations began, tested positive for Covid-19. Trial courts are "afforded wide discretion in handling matters relating to the integrity of the jury." *United States v. Small*, 944 F.3d 490, 505 (4th Cir. 2019) (cleaned up). Given the obvious risk that the dismissed juror posed to everyone involved in the trial, we conclude that the court properly exercised its discretion in discharging the juror with dispatch.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm Davis' criminal judgment. This court requires that counsel inform Davis, in writing, of the right to petition the Supreme Court of the United States for further review. If Davis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Davis.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3